**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240121-U

Order filed May 30, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0121 Circuit No. 22-CF-386 |
| DAYVEON ROCQUEMORE, | ) ) ) | Honorable Kathy S. Bradshaw Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice McDade and Justice Davenport concurred in the judgment.

**ORDER**

¶ 1        *Held*:   The court's finding that no conditions of release could mitigate any threat posed by defendant was against the manifest weight of the evidence.

¶ 2        Defendant, Dayveon Rocquemore, was charged on July 6, 2022, with two counts of aggravated battery causing great bodily harm (720 ILCS 5/12-3.05(a)(1), (b)(1) (West 2022)). Defendant's bond was set at $150,000, but defendant remained in custody. Defendant was subsequently indicted on the offenses. On August 2, 2022, defendant filed a motion to reduce bond. However, a hearing on the motion was not held until December 1, 2023. The court asked

defendant if he wanted to hold a detention hearing at that time. Defendant agreed that he did. Defendant's mother testified that defendant was 23 years old and could live with her in Chicago if he was released. She stated that she would help get him to every court appearance.

¶ 3    The State presented the factual basis, stating that on July 17, 2021, an officer was sent to the hospital for a possible abuse or neglect incident. Upon arrival they met with the reporting person, who indicated that the victim was brought in by the fire department. The victim lived in a group home and was mentally disabled. The reporting person informed the officer that she observed bruising on the victim that looked like handprints. The victim also had a brain bleed. The officer also met with defendant, who stated that he had been employed at the group home for three weeks. When he started his shift that day, he went to check on the victim. The victim seemed very "out of it" and tired, which was unusual, so defendant called 911.

¶ 4    A couple of days later, the officer spoke to a supervisor at the home who indicated that an employee "told her that he received the video that they were able to track down to the defendant that recorded the beating of the victim." The video showed two other men who lived at the home battering the victim with a hard object inside a pillowcase. The two individuals gave written statements saying that they were told that they had to teach the victim a lesson. Defendant admitted to making the video as the beating was taking place. An expert examined the two individuals who perpetrated the attack and "in his opinion those individuals would not be able to form the intent to do this without some guidance from someone else." The State asked the court to deny defendant's release.

¶ 5    Defense counsel argued that defendant was not the person perpetrating the offense, noted defendant had no criminal history, and argued that there were conditions that could be put in place, including keeping defendant away from children and people with mental disabilities or

2

putting him on house arrest in Chicago. The State argued that defendant "manipulated two members of the group home to violently attack a helpless victim and then the defendant acted as a director and just filmed the whole thing for his pleasure and then sent it to a friend of his." The court detained defendant, finding by clear and convincing evidence that he was dangerous and there were no less restrictive means "to keep him from being dangerous." The court stated that defendant only worked in the group home for three weeks when this happened.

¶ 6 Defendant filed a motion to reconsider, and the State filed a verified petition to detain alleging defendant was charged with a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). A hearing was held on February 9, 2024. The court stated that it forgot to read defendant his appeal rights at the previous hearing so it was going "to go backwards" and hold another hearing. The State said that defendant had filed a motion for reconsideration of pretrial release conditions so the State had filed a petition to detain. Defendant testified that he was 24, could reside with his mother in Chicago, had not had any employment since the incident, and it was about a year after the incident before he was taken into custody. The State again presented the factual basis and stated that its position was that defendant orchestrated the beating and videotaped it. The State argued that defendant "was in a position of trust and authority, and he orchestrated a beating of a helpless man. We think that he poses a danger to anyone he can influence to commit further acts of violence in the community." Defense counsel again noted that defendant did not commit the battery, had no criminal history, and conditions could be put in place. The State had the chance to respond but chose not to.

¶ 7 The court stated that it would continue to detain defendant. In doing so, it stated,

"I'm finding it is a forcible felony with great bodily harm. That the victim here was in a group home, is disabled, and he -- after the beating by two residents, the victim was taken to the hospital and has a brain bleed. I -- I -- I do believe the defendant is a danger to the community if he can influence people to do things like this. And that wouldn't keep him from doing it even if he was on a GPS device. The fact that -- if this is true -- I mean, he's willing to influence people to hurt others, especially the most vulnerable who are residents of a group home."

These findings were summarized in a written order.

¶ 8        On appeal, defendant argues that the State failed to meet its burden of proving that defendant was dangerous and that no conditions could mitigate the risk he posed. We note that defendant has failed to raise any issue regarding the State's petition or the procedure undertaken and has, therefore, forfeited any such arguments. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 9        At the outset, we note that, since the court did not read defendant his appeal rights at the initial hearing, it considered the subsequent hearing as a continuation of the first. Therefore, we will consider the evidence presented at both hearings. Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense,

(2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). Sections 110-5(a) and 110-6.1(g) set forth factors for the court to consider when determining dangerousness and any conditions. *Id.* §§ 110-5(a), 110-6.1(g).

¶ 10 Here, the court abused its discretion by detaining defendant when the State failed to prove that defendant posed a real and present threat to any person, persons, or the community which could not be mitigated by conditions of release. Although the allegations are disturbing "the fact that a person is charged with a detainable offense is not enough to order detention, nor is it enough that the defendant poses a threat to public safety. Instead, the trial court must determine, based on the specific facts of the case and the defendant's individual background and characteristics, whether any combination of conditions can mitigate the threat and allow the defendant's release." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶18. The evidence presented indicated that defendant was not actively involved in the battery but was instead charged on an accountability theory. Further, the battery occurred approximately one year prior to defendant's arrest and detention. There was no evidence presented at the hearings that during that year defendant attempted to contact the victim or the individuals he allegedly influenced to commit the battery. Additionally, there was no indication that defendant was involved in any other harmful conduct during that time. This is evidence that defendant could be released without a present threat to anyone. Further, defendant did not have a criminal history. Moreover, contrary to the court's finding that, if defendant can influence others to commit acts like this, no conditions, including GPS monitoring, would prevent him from doing so, the court could order that defendant have no contact or no unsupervised contact with specific vulnerable populations such as those with disabilities and children. Defense counsel specifically argued that there were

5

conditions that could mitigate any alleged threat, noting that defendant had been out of custody for a year after the charged conduct and the court could set conditions that would prevent him from being in a position of power and/or keep him out of schools and facilities for disabled individuals. Despite having the burden of establishing that no conditions of release could mitigate the alleged threat posed by defendant, the State declined to respond to defense counsel's argument. In light of the specific unique facts of this case, we cannot say that the State met its burden of establishing that there were no conditions of release that would mitigate any alleged threat posed by defendant. Where the evidence establishes that defendant has no history of criminality or violence and a year passes with defendant being subject to no court orders or conditions, yet defendant does nothing to demonstrate that he might be a threat to the public or any person, the finding that no conditions can mitigate his threat to others is against the manifest weight of the evidence. Therefore, the court abused its discretion by detaining defendant.

¶ 11    The judgment of the circuit court of Kankakee County is reversed and the matter is remanded for further proceedings.

¶ 12    Reversed and remanded.